UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ALAN SIERRA,<br><br>Plaintiff,<br><br>v.<br><br>CDCR DIRECTOR, et al.,<br><br>Defendants. | No. 2:17-cv-2611 AC P<br><br><br><br>ORDER |

Plaintiff has filed a motion for extension of time to return the Order re Consent or Request for Reassignment. ECF No. 9. Good cause appearing, the motion will be granted.

Plaintiff has also requested appointment of counsel. ECF No. 3. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's "'likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (first alteration in original) (quoting Weygandt v. Look, 718 F.2d 952,

1

954 (9th Cir. 1983)). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court is unable to find the required exceptional circumstances because there has been no screening and the court is therefore unable to assess plaintiff's likelihood of success on the merits at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 9) is granted.

2. Plaintiff is granted thirty days from the date of this order in which to return the Order re Consent or Request for Reassignment.

3. Plaintiff's motion for the appointment of counsel (ECF No. 3) is denied without prejudice to renewal at a later stage.

DATED: February 1, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE