UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ALAN SIERRA,<br><br>Plaintiff,<br><br>v.<br><br>CDCR DIRECTOR,<br><br>Defendants. | No. 2:17-cv-2611 KJM AC P<br><br>ORDER and FINDINGS AND RECOMMENDATION |

By order filed September 18, 2018, the undersigned screened the complaint and dismissed it with leave to amend. ECF No. 16. Plaintiff has now filed a first amended complaint (ECF No. 33), a motion to amend his request for relief (ECF No. 35), and a request for counsel (ECF No. 32), as well as several motions for injunctive relief and supplements to those motions (ECF Nos. 29, 31, 36-40).

I.     First Amended Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Plaintiff has named forty-six individuals, including a few Does, as defendants in the complaint. ECF No. 33 at 2, 4. Review of the complaint reveals that the allegations are largely

1

conclusory, in many instances are not linked to any particular defendant, relate substantially to the processing of administrative appeals, appear to span a period of three years, and cover a broad range of seemingly unrelated incidents.

"The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (citation omitted); Fed. R. Civ. P. 8. In other words, plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly. Plaintiff must eliminate from his pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like or face dismissal of the complaint. See McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning). The court (and defendants) should be able to read and understand plaintiff's pleading within minutes. See id. at 1177 (pointing out that the form complaint for negligence previously provided in the Federal Rules "can be read in seconds and answered in minutes").

The complaint in this case, which is currently drafted as a verbose and lengthy narrative, does not set forth plaintiffs' claims for relief in a manner that is clearly identifiable to the court or that would clearly put defendants on notice of the exact nature of the allegations against them, and therefore does not comply with Federal Rule of Civil Procedure 8. Accordingly, the complaint must be dismissed, and plaintiff will be given one final opportunity to amend. Plaintiff is advised that a long, rambling pleading that includes many defendants with unexplained, tenuous, or implausible connection to the alleged constitutional injury, or that joins a series of unrelated claims against many defendants, will very likely violate Rule 8 and result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Federal Rule of Civil Procedure 41 for violation of these instructions.

II.     Leave to Amend

If plaintiff chooses to file a second amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. Also, the complaint must allege in specific terms how each named defendant

is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, he should keep in mind that "to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)). He should also keep in mind that prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Accordingly, the prison grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing and

denying inmate appeals generally do not serve as a basis for liability under § 1983. Id.

Finally, plaintiff is once again reminded that he may join multiple claims if they are all against a single defendant, Fed. R. Civ. P. 18(a), and joinder of defendants is only permitted if "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action," Fed. R. Civ. P. 20. In other words, joining more than one claim is only proper when it is against one defendant, and joining multiple defendants in one complaint is only proper when the claims against them are based on the same facts.

III.     Motion for Appointment of Counsel

Plaintiff has also requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests appointment of counsel on the ground that in screening the original complaint, the court noted that his writing was illegible and difficult to read. ECF No. 32. The court did not state that plaintiff's writing was illegible, only that some of the defendants' names were not legible. ECF No. 16 at 3 n.1. Furthermore, any difficulty in reading the complaint was due to the lack of space between the lines of text, which plaintiff can easily fix. Accordingly,

plaintiff's motion fails to demonstrate the exceptional circumstances necessitating the appointment of counsel, and the motion will be denied.

IV. Motions for Court Orders

Plaintiff has filed several motions for temporary restraining order or preliminary injunction. ECF Nos. 29, 31, 36-40. The motions seek preliminary injunctive relief in the form of a transfer to San Joaquin Care Hospital in Bakersfield, and one also requests the production of plaintiff's MRI records from 1985-1986 and any future MRIs. Id. The request for production will be denied as premature, and it will be recommended that the requests for injunctive relief also be denied.

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

"A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). Furthermore, mandatory preliminary injunctions like plaintiff seeks, as opposed to those which preserve the *status quo*, are "particularly disfavored" and "the district court should deny such relief unless the facts and law clearly favor the moving party." Stanley v. Univ. of S. Calif., 13 F.3d 1313, 1320 (9th Cir. 1994) (citation and internal quotation marks omitted); Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (plaintiff seeking mandatory injunction "must establish that the law and facts *clearly favor* her position, not simply that she is likely to succeed." (emphasis in original)).

Because the complaint is being dismissed with leave to amend, plaintiff cannot show that he has a likelihood of success on the merits, much less that the law and facts clearly favor his position. Furthermore, although plaintiff has made allegations that he is suffering as a result of the failure to transfer him and provide him adequate medical care, he has not provided any evidence that supports these claims aside from his own conclusory statements. Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc., 736 F.3d 1239, 1251 (9th Cir. 2013) ("Those seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm."). For these reasons, plaintiff's requests for a temporary restraining order or preliminary injunction should be denied.

Plaintiff is advised that a request for a preliminary injunction is also premature insofar as no defendant has been served. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Accordingly, plaintiff is advised that even if he chooses to file another motion for preliminary injunction, the court is unlikely to take any action until the defendants from whom he seeks relief have been served and had an opportunity to respond to the motion.

V. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your motion to compel is denied because no defendants have been served with the complaint and the court has not yet ordered discovery. Your motions for preliminary injunction are denied because the complaint is being denied with leave to amend so you cannot show that the law clearly favors your position. If you file an amended complaint, you can file another motion for preliminary injunction at that time.

The complaint is dismissed with leave to amend because it does not contain a short, plain statement of your claims and most of your allegations are conclusory and do not show how defendants violated your rights. Allegations about how your appeals were processed also do not state claims for relief.

////

If you choose to amend your complaint, the second amended complaint must include all of the claims you want to make because the court will not look at the claims or information in any previous complaint. **Any claims and information not in the second amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 31) is denied as premature.
2. Plaintiff's motion for appointment of counsel (ECF No. 32) is denied.
3. Plaintiff's motion for leave to amend his requested relief (ECF No. 35) is granted to the extent the first amended complaint is being dismissed with leave to amend.
4. The first amended complaint (ECF No. 33) is dismissed with leave to amend.
5. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.
6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

IT IS FURTHER RECOMMENDED that plaintiff's motions for preliminary injunction (ECF Nos. 29, 31, 36-40) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

////
////
////

time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 29, 2019

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE