| | |
|---|---|
| KENNETH ALAN SIERRA,<br><br>Plaintiff,<br><br>v.<br><br>CDCR DIRECTOR, et al.,<br><br>Defendants. | No. 2:17-cv-2611 KJM AC P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court are plaintiff's motions for extensions of time, ECF Nos. 55, 59, appointment of counsel, ECF No. 57, recusal of the undersigned magistrate judge, ECF No. 58, and a court order, ECF No. 63.

I. Motions for Extension of Time

Plaintiff has filed a request for an extension of time to file objections to the September 6, 2019 order denying his various motions to amend, ECF No. 52. ECF No. 55. Subsequently, he filed his objections to the order. ECF No. 61. The motion will be granted and plaintiff's objections under Federal Rule of Civil Procedure 72(a) will be deemed timely.

Plaintiff has also filed a second request for a thirty-day extension of time to file an amended complaint. ECF No. 59. In light of the pending objections to the order dismissing the first amended complaint with leave to amend, ECF No. 56, plaintiff's deadline to file an amended

complaint will be vacated and re-set, if necessary, after the District Judge rules on the objections. The motion for an extension of time will therefore be denied as moot.

   II.   Motion for Appointment of Counsel

Plaintiff has filed another request for the appointment of counsel. ECF No. 57. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests appointment of counsel on the grounds that he is disabled and bedridden due to a nerve disorder which affects his vision and ability to write. ECF No. 57. However, plaintiff has so far demonstrated that he is capable of filing numerous motions and prosecuting this case without the assistance of counsel. Furthermore, because the first amended complaint has been dismissed and there is currently no complaint pending, the court is unable to assess plaintiff's likelihood of success on the merits. Therefore, at this time the court does not find exceptional circumstances to necessitate the appointment of counsel and the motion for the appointment of counsel will be denied without prejudice.

   III.   Motion for Recusal

Plaintiff has moved for recusal of the undersigned. ECF No. 58. Said motion is properly before the undersigned, as the Ninth Circuit has "held repeatedly that the challenged judge h[er]self should rule on the legal sufficiency of a recusal motion in the first instance." United

States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) (citing United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978)). If the affidavit is legally insufficient, then recusal can be denied. United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995).

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." 28 U.S.C. § 144. "Any justice, judge, or magistrate judge of the United States shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under both recusal statutes, the substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Studley, 783 F.2d at 939 (quoting Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (internal quotation marks omitted)).

Plaintiff's motion for recusal does not set out any reasons for the recusal, and instead generally refers the court to his objections to the July 31, 2019 findings and recommendations. ECF No. 58. The objections specifically address recusal in only a few instances. ECF No. 56 at 10, 13-14, 16, 19. In those instances, plaintiff argues that the undersigned should be disqualified because the screening of the complaint demonstrates clear prejudice toward plaintiff. Id. at 10. He further alleges that the undersigned's denial of counsel, in light of the comments as to the legibility of plaintiff's handwriting, evidences bias and prejudice. Id. at 13-14, 16.

Construing the objections broadly, nearly all of plaintiff's allegations of bias or prejudice are related to the undersigned's screening of the complaint and denial of counsel in this action. However, recusal "is required 'only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding.'" Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 885 (9th Cir. 1991) (quoting Toth v. TransWorld Airlines, 862 F.2d 1381, 1388 (9th Cir. 1988)). To the extent plaintiff bases his motion for recusal on a single comment related only to the legibility of portions of his original complaint, which is not the operative complaint, these allegations also fail to demonstrate bias.

////

3

Plaintiff's allegations of bias are legally insufficient to establish a reasonable question as to the undersigned's impartiality or that a bias or prejudice exists. The request for recusal will therefore be denied.

IV. Motion for Court Order

Plaintiff has filed a motion for a court order directing the Clerk of the Court to locate an order from another case that was issued sometime between 1980 and 1985. ECF No. 63. Even if the court were inclined to provide plaintiff with a courtesy copy of the order he seeks, he has failed to sufficiently identify the order. Furthermore, a review of this court's electronic records shows that the first case plaintiff initiated in this court was filed in 1998. Accordingly, it appears that this was not the court in which the order was issued, and if plaintiff wants a copy, he must request a copy from the court that issued the order. The motion will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for an extension of time to file objections, ECF No. 55, is granted and his objections to the September 6, 2019 order are deemed timely.

2. Plaintiff's deadline to file an amended complaint is vacated and will be re-set, if necessary, after the District Judge rules on his objections to the screening order. Plaintiff's request for an extension of time to file an amended complaint, ECF No. 59, is therefore denied as moot.

3. Plaintiff's motion for the appointment of counsel, ECF No. 57, is denied without prejudice.

4. Plaintiff's motion for recusal, ECF No. 58, is denied.

5. Plaintiff's motion for a court order, ECF No. 63, is denied.

DATED: December 12, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE