UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ALAN SIERRA,<br><br>Plaintiff,<br><br>v.<br><br>CDCR DIRECTOR, et al.,<br><br>Defendants. | No.  2:17-cv-2611 KJM AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Currently pending before the undersigned is plaintiff's motion for a 10-day extension of time to file an amended complaint.  ECF No. 94.

I.      Procedural History

On July 31, 2019, the undersigned screened plaintiff's first amended complaint, and dismissed it with leave to file a second amended complaint within thirty days.  ECF No. 41. Plaintiff filed a motion for a 30-day extension of time (ECF No. 51) which was subsequently granted (ECF No. 52).  He then filed objections to the screening order (ECF No. 56) and another motion for an extension of time to file an amended complaint (ECF No. 59).  On December 12, 2019, due to the pending objections to the screening order, the deadline to amend the complaint was vacated, to be re-set once the District Judge ruled on the objections.  ECF No. 65.  The objections were overruled on January 15, 2020 (ECF No. 68), and the following day plaintiff was

1  ordered to file an amended complaint within thirty days and warned that failure to do so would
2  result in a recommendation that this action be dismissed (ECF No. 69).  Plaintiff then filed two
3  motions for an extension of time to file a second amended complaint (ECF Nos. 73, 80) which
4  were granted on February 27, 2020 (ECF No. 82).  On April 9, 2020, plaintiff asked for another
5  30-day extension of time (ECF No. 89), which was granted on May 18, 2020.  ECF No. 91.  In
6  that order, the undersigned explained that no further extensions of time would be granted.  Id. at
7  3.

8  It has been nearly one year since the court originally ordered plaintiff to file a second
9  amended complaint or risk dismissal.  During that time, plaintiff has filed numerous objections
10 and motions for reconsideration of various orders (ECF Nos. 56, 60-61, 74-75, 86-87, 90);
11 motions for extension of time to file such objections and motions (ECF Nos. 46, 53, 55, 66, 70,
12 72); and various other motions for relief (ECF Nos. 44-45, 48, 50, 57-58, 62- 63, 71, 81, 84-85,
13 88).  Plaintiff has already been given nearly eleven months of extended time to file his amended
14 complaint, and yet he has failed to do so.

15 On May 18, 2020, the undersigned provided plaintiff with a thirty-day extension to file
16 his second amended complaint and stated that no further extensions would be granted.  ECF No.
17 91.  On June 29, 2020, after the deadline had passed, plaintiff requested an additional ten-day
18 extension.  He appeared to represent that his second amended complaint was complete, and that
19 he was merely waiting for copies of exhibits he wished to attach.  ECF No. 92 at 2.  On July 2,
20 2020, the undersigned granted the requested ten days to obtain exhibits, and warned that no
21 further extensions would be granted.  The court specifically stated that his amended complaint
22 must be filed by this final deadline with or without the exhibits.  ECF No. 93 at 1-2.

23 Now plaintiff states, without explanation, that he would like an additional 10-day
24 extension of time.  ECF No. 94.  Separately, he filed a notice explaining that he was in a
25 quarantine due to COVID-19.  ECF No. 95.  However, in his last motion plaintiff represented that
26 his amended complaint was already complete, and the undersigned clearly explained that he
27 would not be given an additional extension.
28 ////

2

II.     Terminating Sanctions Are Appropriate

The Local Rules of the Eastern District recognize the court's wide latitude with regard to sanctions—under Local Rule 110, the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

It is within the discretion of a district court to order dismissal as a sanction. Olivia v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992) (citing Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir. 1990)).  However, because "'dismissal is a harsh penalty . . . it should only be imposed in *extreme circumstances*.'"  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (emphasis in the original) (quoting Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)); Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) ("Only 'willfulness, bad faith, and fault' justify terminating sanctions" (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003))).  The court must consider five factors "before resorting to the penalty of dismissal: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'"  Id. (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions."  Conn. Gen. Life Ins., 482 F.3d at 1096 (citation omitted).

Not all factors must cut in favor of dismissal for the sanction to be imposed. Malone v. U.S. Postal Serv., 833 F.2d 128, 133 n.2 (9th Cir. 1987); see also Ferdik, 963 F.2d at 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here." (citation omitted)).

A. Public Interest in the Expeditious Resolution of Cases

"[T]he public's interest in expeditious resolution of litigation always favors dismissal."

3

Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  In this case, plaintiff has repeatedly failed to file an amended complaint despite being given multiple extensions and being warned that failure to comply would result in dismissal.  His refusal to follow deadlines, despite a court order warning that failure to do so would result in dismissal, has delayed the expeditious resolution of this case.

### B.  The Court's Need to Manage Its Docket

Plaintiff's failure to timely file a second amended complaint has already consumed a considerable amount of limited judicial time and resources.  The Eastern District of California has one of the heaviest caseloads in the country, and as noted above, plaintiff's continued failure to file an amended complaint while continuing to file alternate motions with the court has already resulted in a considerable expenditure of court resources.  Considerations of judicial economy weigh in favor of terminating sanctions.  Ferdik, 963 F.2d at 1261 (finding that it was necessary "to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants").

### C.  Risk of Prejudice to the Defendant

"While [the mere pendency of a lawsuit] may be prejudicial, it cannot, by itself, be considered prejudicial enough to warrant dismissal." Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984)).  Rather, "[i]n determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Malone, 833 F.3d at 131 (citation omitted).  The risk of prejudice is considered in relation to plaintiff's reason for defaulting. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 991).  In this instance, there is no operative complaint that would prejudice defendants.  Moreover, service on defendants has not been initiated and accordingly, this factor weighs in favor of dismissal.

### D.  Publc Policy Favoring Merits Resolution

The general policy favoring disposition of cases on their merits always weighs against terminating sanctions. Yourish, 191 F.3d at 992 (citation and internal quotation marks omitted).  However, this policy alone is not sufficient to outweigh the other factors discussed herein.  Leon

4

1 v. IDX Sys. Corp., 464 F.3d 951, 960-61 (9th Cir. 2006) (citation omitted).

### E. Availability and Effectiveness of Lesser Sanctions

The court finds no other, lesser sanctions that would be satisfactory or effective. Plaintiff is proceeding in forma pauperis, making it unlikely that monetary sanctions will induce him to cooperate or prosecute his case. Plaintiff was specifically warned that failure to comply with the July 2, 2020 order could result in dismissal of this action, ECF No. 93, and the "court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement," Ferdik, 963 F.2d at 1262 (citing Malone, 833 at 132-33; Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)).

Despite being given the opportunity to file a second amended complaint, plaintiff has failed to do so for almost a year. Plaintiff's lack of compliance demonstrates a willful disregard for this court's order and the court finds that lesser sanctions would be ineffective and insufficient to address this behavior.

For these reasons, the undersigned finds that terminating sanctions are justified and will recommend dismissing this case with prejudice.

### III.   Conclusion

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for an extension of time, ECF No. 94, is DENIED.

It is FURTHER RECOMMENDED that this action be dismissed, with prejudice, for failure to comply with a court order. See L.R. 110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

////

////

////

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 23, 2020

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE