UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ALAN SIERRA, | No. 2:17-cv-2611 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| CDCR DIRECTOR, et al., | |
| Defendants. | |

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    By order filed March 6, 2020, this court denied plaintiff's motion for reconsideration of the its January 15, 2020 order, which denied multiple motions for injunctive relief and granted the motion for reconsideration of the Magistrate Judge's December 12, 2019 order, and then affirmed that order. ECF No. 83. Plaintiff has now filed another motion for temporary restraining order seeking the same relief (ECF No. 85), objections to the March 6, 2020 order (ECF No. 86), and a second motion for reconsideration of the January 15, 2020 order (ECF No. 87). The objections will be construed as a motion for reconsideration.

    Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior

motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)-(4).  Neither motion identifies any new or different fact or circumstances that would warrant reconsideration and they will be denied.  The motion for temporary restraining order also fails to add anything to the previous motions and will therefore be denied for the same reasons plaintiff's previous motions were denied.

Plaintiff has also filed objections to the Magistrate Judge's order filed February 27, 2020.  ECF No. 90.  Local Federal Rule of Civil Procedure 72(a) permits a party to object to non-dispositive orders issued by magistrate judges and requires that the district judge "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  The February 27, 2020 order of the Magistrate Judge is not clearly erroneous or contrary to law and the objections will therefore be overruled.

Finally, plaintiff has moved for this court to recuse herself.  ECF No. 88.  The court has reviewed the motion and carefully considered her obligations to serve as a judge in this case, fully and fairly considering its merits and applying the relevant law to reach the outcome that law requires.  Having engaged in this review, the court finds no basis for her recusal, and will deny this motion of plaintiff's as well.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for reconsideration of the undersigned's March 6, 2020 order (ECF No. 86) is denied.

2.  Plaintiff's second motion for reconsideration of the undersigned's January 15, 2020 order (ECF No. 87) is denied.

3.  Plaintiff's motion for a temporary restraining order (ECF No. 85) is denied for the same reasons outline in the July 21, 2019 findings and recommendations (ECF No. 41).

4.  Plaintiff's objections to the Magistrate Judge's February 27, 2020 order (ECF No. 90) are overruled and the February 27, 2020 order is affirmed.

5.  Plaintiff's motion for recusal (ECF No. 88) is denied.

DATED: October 6, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE